In Britt v. North Carolina, 404 U.S. 226, 227-30,92 S.Ct. 431, 433-35, 30 L.Ed.2d 400 (1971), the United States Supreme Court held:
 "Griffin v. Illinois and its progeny establish the principle that the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. While the outer limits of that principle are not clear, there can be no doubt that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal. The question here is whether the state court properly determined that the transcript requested in this case was not needed for an effective defense.
 "In prior cases involving an indigent defendant's claim of right to a free transcript, this Court has identified two factors that are relevant to the determination of need: (1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. . . .
 "We agree with the dissenters that there would be serious doubts about the decision below if it rested on petitioner's failure to specify how the transcript might have been useful to him. Our cases have consistently recognized the value to a defendant of a transcript of prior proceedings, without requiring a showing of need tailored to the facts of the particular case. As Mr. Justice Douglas makes clear, even in the absence of specific allegations it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.
 ". . . .
 "A defendant who claims the right to a free transcript does not, under our cases, bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by a court in hindsight. In this case, however, petitioner has conceded that he had available an informal alternative which appears to be substantially equivalent to a transcript. Accordingly, we cannot conclude that the court below was in error in rejecting his claim."
(Footnotes omitted.)
In this case, the appellant conceded that he committed the offense. However, he entered a plea of not guilty by reason of mental disease or defect, and he was required to prove that he suffered from a mental disease or defect. As defense counsel argued during his opening statement, the issue was not whether the appellant committed the offense, but whether he was guilty or not guilty by reason of mental disease or defect. Thus, this case differs from other cases because the burden of proof was on the appellant rather than on the State.
The pivotal issue in this case was whether the appellant suffered from a mental disease or defect, and the outcome of the case was almost entirely dependent on the testimony of the parties' mental health experts and the jury's determination of the credibility of those experts. Essentially, the case came down to a battle of the experts and the parties persuading the jury to believe their experts. The mistrials based on hung juries during the previous trials indicate that the issue of whether the appellant suffered from a mental disease *Page 1046 
or defect was a close one for each of those juries.
At first blush, based on Britt, it appears that the transcripts of the two previous trials would have been essential for the appellant to attempt to impeach the credibility of the State's mental health experts and effectively present his mental disease or defect defense. However, during the third trial, the State relied on different experts than it did during the first two trials to rebut the appellant's mental disease or defect defense. Therefore, because the State relied on different mental health experts during the third trial, and because the defense had access to a transcript of Brown's previous testimony, the entire transcripts of the two previous trials were not essential for the appellant to attempt to impeach the credibility of the State's mental health experts and effectively present his mental disease or defect defense. In addition, there is not any indication that the transcripts of the two previous trials were necessary as discovery devices in preparation for trial. Although the trial court would have been justified in making the entire transcripts of the two previous trials available to the defense, under the specific circumstances of this case, the trial court properly concluded that the defense "had adequate alternative means . . . of achieving the same information." (R. 826.) Accordingly, although I do not agree with all of the majority's analysis as to this issue, I respectfully concur in the result.